## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JAMES MANAZER,**

        **Plaintiff,**

**v.**

**ADENA HEALTH SYSTEM,** *et al.*,

        **Defendants.**

    :

**Case No. 2:23-cv-2798**
**Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth Preston Deavers**

    :

    :

### OPINION AND ORDER

James Manazer, M.D. was Chief of Surgery at Adena Health System for ten years before he was terminated in May of 2023. Dr. Manazer filed suit against Adena, and several of its executives, alleging termination in violation of the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"), defamation, and tortious interference. (Am. Compl., ECF No. 14.) Adena filed a counterclaim, alleging that Dr. Manazer defamed it. (Countercl., ECF No. 24.)

The matter is now before the Court on Defendants' Motion to Dismiss the Amended Complaint (ECF No. 23) and Dr. Manazer's Motion for a More Definite Statement (ECF No. 32). Because Dr. Manazer fails to state a claim under the PSQIA, the Court **GRANTS** Defendants' motion to dismiss Count III of the Amended Complaint and **REMANDS** all remaining claims to the Ross County Court of Common Pleas.

## I.   MOTION TO DISMISS

### A.   Factual Background

For purposes of the Motion to Dismiss, all well-pleaded factual allegations in the Amended Complaint are taken as true. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from the allegations therein.

Dr. Manazer is a vascular surgeon. He started Adena's[1] vascular surgery practice in 2006, and was its only vascular surgeon until 2011. (Am. Compl., ¶¶ 12, 14.) In 2013, Dr. Manazer was named Adena's Chief of Surgery, responsible for oversight of surgical quality and safety as well as physician behavior involving all surgical specialties. (*Id.*, ¶¶ 13–14.)

The individual defendants are all Adena executives: Jeffrey Graham is Chief Executive Officer; Jamie Smith is Chief Information Officer; Heather Sprague is Chief Human Resources Officer; and Shaheed Koury, M.D. is Chief Clinical Officer. (*Id.*, ¶¶ 4–7.)

In March 2022, Dr. Atiq Rehman and Dr. Jarrod Betz began performing transcatheter aortic valve replacement ("TAVR") procedures at Adena. (*Id.*, ¶ 22.) A single TAVR procedure requires a cardiologist and a cardiac surgeon—both must be specially trained and credentialed to perform the procedure. (*Id.*) But, when he started performing the TAVR, Dr. Betz was not fully credentialed. (*Id.*)

---

[1] Dr. Manazer names two corporate defendants: Adena Health System and Adena Medical Group. Adena Medical Group employs the medical professionals (including physicians) who provide medical care at Adena Health System. (Am. Compl., ¶ 3.) Other than for purposes of the counterclaim, the parties refer to the two entities collectively as "Adena." The Court will do the same.

More than a year after Adena's first TAVR, Dr. Manazer was contacted by an investigator with the Ohio State Medical Board ("OSMB"). (*Id.*, ¶ 23.) The investigator told Dr. Manazer that he was looking into "issues surrounding TAVR procedures," among other things. (*Id.*) Dr. Manazer provided the investigator with "information, data, and verbal reports," as he was concerned that allowing a physician to perform the TAVR without proper credentialing posed a risk to patient safety. (*Id.*, ¶ 24.) Dr. Manazer also provided the "information, data, and verbal reports" to Dr. Betz and Adena, "with the intention of having the information forwarded to a patient safety organization." (*Id.*, ¶ 25.)

When NBC4, a local news station, reported that an Adena surgeon had performed surgery without the proper credentials, Mr. Graham asked Dr. Manazer to meet with reporters. (*Id.*, ¶ 29.) Mr. Graham hoped that Dr. Manazer would dispute any stories that Adena surgeons were not properly credentialed, but Dr. Manazer alleges that he "intended to provide [NBC4] with the truth, not some version of facts Adena wanted published." (*Id.*)

In April 2023, "Blimp Arms" (a pseudonymous Facebook account describing itself as "Adena Staff that do the right thing" and as "independent investigative journalists") shared an NBC4 story about three TAVR procedures performed by an uncredentialed surgeon. (*Id.*, ¶¶ 17–20.) A month later, Dr. Manazer was called to a meeting with Dr. Koury, Mr. Smith, and Adena's Chief of Staff, Sathish Jetty, M.D. (*Id.*, ¶ 33.) Dr. Koury and Mr. Smith accused Dr. Manazer of being behind "Blimp

Arms." (*Id.*, ¶ 34.) Dr. Manazer denied the accusation. (*Id.*) Dr. Manazer's

employment was nevertheless terminated. (*Id.*, ¶ 38.)

Within hours of his termination, Mr. Graham sent an email to Adena

physicians and employees, both current and former, stating that Dr. Manazer was

no longer with Adena because he had provided NBC4 with false information about

Adena. (*Id.*, ¶¶ 40, 42.) Dr. Manazer alleges that Mr. Graham's email contains false

and defamatory statements. (*Id.*, ¶¶ 44–46.) Dr. Manazer further alleges that Ms.

Sprague disseminated false and defamatory information about him to Adena's

Board of Directors. (*Id.*, ¶ 49.) Then, on August 9, 2023, Adena issued a "Security

Alert" to current and former Adena employees stating that Dr. Manazer was

responsible for "social media attacks, posts, threats, misinformation, and malicious

behavior against Adena on the 'Blimp Arms' Facebook platform." (*Id.*, ¶ 50.) The

Security Alert called Dr. Manazer a "cyber criminal." (*Id.*, ¶ 51.)

Since his termination, Dr. Manazer has been unable to find employment as a

vascular surgeon and has no hospital privileges. He now asserts claims for

defamation (Count I) and tortious interference (Count II) against all Defendants,

and for wrongful termination (Count III) against Adena and Dr. Khoury.

### B.      Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim

with sufficient specificity to "give the defendant fair notice of what the claim is and

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal alteration and quotations omitted). A complaint which falls short of

the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

## C.     Analysis

In Count III of the Amended Complaint, Dr. Manazer alleges that he was wrongfully terminated in violation of the PSQIA. (Am. Compl., ¶¶ 75–83 (citing 42 U.S.C. §§ 299b-22(e)(1), (e)(2)).) The PSQIA provides certain whistleblower protections—namely, it prohibits adverse employment actions taken because an "individual in good faith reported information—(A) to the provider with the intention of having the information reported to a patient safety organization; or (B) directly to a patient safety organization." 42 U.S.C. § 299b–22(e). A patient safety

5

organization ("PSO") is a federally certified entity tasked with the mission "to conduct activities that are to improve patient safety and the quality of health care delivery." 42 U.S.C. § 299b-24(b)(1)(A); *see also* § 299b-21(4). An individual who suffers an adverse employment action as a result of such a good faith report may bring a civil action to obtain equitable relief. 42 U.S.C. § 299b–22(f)(4)(A).

Defendants argue Dr. Manazer's PSQIA claim fails for two reasons: First, he does not allege that he reported "patient safety work product" as defined by the PSQIA; and Second, he does not allege that he reported directly to a PSO or with the intent that the report be forwarded to a PSO. Because Dr. Manazer's claim fails under the second argument, the Court need not address the first.

Dr. Manazer neither alleges nor argues that he reported his concerns about the TAVR procedures directly to a PSO. (*See* Am. Compl.) This Court takes judicial notice of the fact that neither Adena nor the OSMB is listed as a certified PSO by the Agency for Healthcare Research and Quality. *See Alphabetical Directory of Listed Patient Safety Organizations*, AGENCY FOR HEALTHCARE RESEARCH AND QUALITY, https://www.pso.ahrq.gov/pso/listed (last visited June 10, 2024).

Dr. Manazer alleges instead that he reported his concerns about the TAVR procedures to the OSMB, to Dr. Betz, and to Adena, "with the intention of having the information forwarded to a" PSO. (Am. Compl., ¶¶ 25, 76.) But there is no more than this bare recital of the elements of the claim. In other words, Dr. Manazer offers no specific factual allegations to support the conclusory allegation that he intended for the OSMB or for Adena to forward the information to a PSO. Without

more, the Court is unable to reasonably infer that Defendants are liable under the PSQIA. Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to Count III.

## II.    SUPPLEMENTAL JURISDICTION

Dr. Manazer first filed his claims in Ross County Court of Common Pleas. Defendants filed a notice of removal, citing federal question jurisdiction (ECF No. 4 (citing 28 U.S.C. § 1331).)

Federal courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once a court has original jurisdiction over some claims in the action, it can exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (holding that claims are part of the same case or controversy if they derive from a "common nucleus of operative facts"). But supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers of Am.*, 383 U.S. at 726. *See also* 28 U.S.C. § 1367(c) (enumerating circumstances in which "[t]he district courts may decline to exercise supplemental jurisdiction over a claim"). The Court finds that, after disposing of Dr. Manazer's PSQIA claim (the only claim over which this Court has original jurisdiction), exercising supplemental jurisdiction over the balance of the litigation would not serve judicial economy, convenience, or comity—and therefore declines to do so. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The

7

balance of this action is thus **REMANDED** to the Ross County Court of Common Pleas.

## III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss (ECF No. 23). Dr. Manazer's wrongful termination claim (Count III) is **DISMISSED** pursuant to Rule 12(b)(6); all other claims are **REMANDED** to the Ross County Court of Common Pleas. Dr. Manazer's Motion for a More Definite Statement (ECF No. 32) is **DENIED as moot**.


        **IT IS SO ORDERED.**

                                /s/ Sarah D. Morrison
                                **SARAH D. MORRISON**
                                **UNITED STATES DISTRICT JUDGE**